# Exhibit 1

CLOSED,JURY,PROSE-NP,TYPE-E

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:12-cv-00704-EGS

LOVERN v. PRUDENTIAL INSURANCE COMPANY OF AMERICA et al
Assigned to: Judge Emmet G. Sullivan
Case in other court: 14-07186
Cause: 31:3729 False Claims Act

Date Filed: 05/02/2012
Date Terminated: 03/12/2013
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**
**PRESCOTT LOVERN**
*United States of America ex rel*

represented by **Carolyn Elefant**
LAW OFFICES OF CAROLYN ELEFANT PLLC
2200 Pennsylvania Avenue, NW
4th Floor, East
Washington, DC 20037
(202) 297-6100
Email: carolyn@carolynelefant.com
*TERMINATED: 02/03/2014*

**William Houck**
HOUCK LAW FIRM
4045 262nd Ave. SE
Issaquah, WA 98029
(425)392-7118
Fax: (206)337-0916
Email: houcklaw@gmail.com
*TERMINATED: 02/03/2014*
*PRO HAC VICE*

V.

**Defendant**
**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

represented by **Candice Mireille Tewell**
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue
Suite 2200
Seattle, WA 98101-3045
(206) 757-8303
Fax: (206) 757-7303
Email: candicetewell@dwt.com
*LEAD ATTORNEY*

| | | |
|---|---|---|
| | | ZURICH AMERICAN INSURANCE COMPANY. (Attachments: # 1 Certificate of Service)(Cedarbaum, Jonathan) (Entered: 03/27/2013) |
| 01/22/2014 | | MINUTE ORDER granting 62 defendants' motion for reconsideration of the Court's March 11, 2013 Order. In light of the evidence of relator's use of a false name and residence address--evidence that was not before this Court in connection with 60 relator's motion for voluntary dismissal--the Court will revisit its March 11, 2013 Order. The Court finds that defendants have provided substantial evidence that "Prescott Lovern" is not relator's real name and that the residence address listed on his complaint is not his residence address. Relator admitted that the address is not his residence address and admitted to counsel for one of the defendants that his real name is William Michael Lovern. Despite this, relator asserted in sworn declarations that "Prescott" is his middle name and his "legal" name. Relator also used the same false name in a lawsuit before the United States District Court for the Western District of Washington and in three lawsuits before the Superior Court for the District of Columbia. He also threatened the defendants in this case and their lawyers with additional lawsuits using the same false name. Relator's actions in this case violated Federal Rule of Civil Procedure 10(a), which requires that "[t]he title of the complaint must name all the parties" and Local Civil Rules 5.1(e) and 11.1, which require that "[t]he first filing by or on behalf of a party shall have in the caption the name... of the party." Defendants ask the Court to dismiss relator's claims with prejudice under Federal Rule of Civil Procedure 41(b). District courts must consider three factors before granting such a request: "1. the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, 2. whether the plaintiff's behavior has prejudiced the defendant, and 3. whether deterrence is necessary to protect the integrity of the judicial system." Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C. Cir. 1990). Relator's actions have burdened the dockets of this Court and other courts with anonymous litigation and forced the defendants to litigate against an anonymous party. See Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006) (filing a case under a false name "harmed the judicial system" and "also harmed the defendants" by "result[ing] in them proceeding through the litigation... without knowing the true identity of the person who [filed the lawsuit]"). Relator's actions also undermine the judicial process in a way that must be deterred by dismissal with prejudice. See id. at 484 ("Nothing short of putting the plaintiff out of court will properly punish his serious and protracted violation of the rules and adequately deter future violations."); Dotson v. Bravo, 321 F.3d 663, 668 (7th Cir. 2003) (the use of a false name "so violates the judicial process that imposition of a harsh penalty is appropriate... to deter future parties from trampling upon the integrity of the court."). Accordingly, it is hereby ORDERED that this Court's March 11, 2013 Minute Order is vacated and 60 plaintiff's motion for voluntary dismissal without prejudice is DENIED. It is FURTHER ORDERED that this case be DISMISSED WITH PREJUDICE as to relator and DISMISSED WITHOUT PREJUDICE as to the United States. Signed by Judge Emmet G. Sullivan on January 22, 2014. (lcegs2) Modified on 1/22/2014 (zmac, ). (Entered: 01/22/2014) |
| 02/03/2014 | 65 | NOTICE OF WITHDRAWAL OF APPEARANCE as to PRESCOTT |