**IN THE CIRCUIT COURT FOR HARFORD COUNTY, MARYLAND**

**PRESCOTT LOVERN, SR.**
15 E. Churchville Rd., STE 150
Bel Air, MD 21014
(941)-870-8072

PLAINTIFF,

v.

**CITIBANK, N.A.**
701 East 60th St N.
Sioux Falls, SD 57104
(605)-331-2626

**MASTERCARD INCORPORATED**
2000 Purchase Street
Purchase, NY 10577
(914)-249-2000

DEFENDANTS.

Case No. 12-C-17-2518

FILED
2018 FEB 12 P 1:49
CLERK OF CIRCUIT COURT
HARFORD COUNTY, MD
CIVIL DEPT.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

As Defendants established in the opening brief in support of their Motion to Dismiss ("D. Br."), Plaintiff purports to seek, on behalf of an unknown assignor—"Jane Doe"—a declaration regarding how credit card interchange fees are paid that does not connect to any actual or imminent dispute over the parties' legal rights. Defendants moved to dismiss Plaintiff's Complaint because he lacks standing to sue (since he himself is not a cardholder and since he does not sufficiently allege any cognizable assignment), and because the absence of an actual or imminent dispute about legal rights means he cannot state a claim under the Maryland Declaratory Judgment Act or Maryland Consumer Protection Act. Nothing that Plaintiff has said in his opposition defeats these arguments. He either merely restates the bald assertions in his

Complaint, which were insufficient for all of the reasons explained before, or cites to extraneous material, outside the record, that cannot be considered by this Court in ruling on a dismissal motion and even if taken as true, is insufficient to state a claim.

## ARGUMENT

### I. Plaintiff Has Not Cured His Lack of Standing or Provided Additional Facts that Establish a Valid Assignment

As Defendants demonstrated in their opening brief, even if Plaintiff's allegations were true—and they are not— they are insufficient as a matter of law to establish standing under Maryland law. As Defendants explained, (1) the Complaint does not establish that Plaintiff has a legal interest in the suit he brings (and therefore cannot bring it on behalf of himself); and (2) Plaintiff's vague and conclusory allegation that his standing was conferred by assignment from a "Jane Doe" is insufficient under Maryland law. D. Br. 6-9. Plaintiff's opposition ("P. Br.") fails to cure these defects.

As an initial matter, Plaintiff, who is not a Mastercard credit card holder, and does not plead that he is bringing this suit to protect his own interests, has not established that "Jane Doe" herself would have standing to bring the claim he purports to do so here. Plaintiff's Complaint alleged only that she "lives in the County and has a Citi Mastercard." Compl. ¶ 5. In his opposition, Plaintiff declares, without detail or verification, that the unidentified Jane Doe "obtained her Citibank MasterCard in May 2016, and she has never been able to get disclosure of the IFs charged to her account," P. Br. 6, and (baldly) that "Ms. Doe / Plaintiff have [sic] been injured." These statements (which are neither pleadings nor competent evidence) do not alter the analysis. They say nothing about any purported case or controversy and certainly do not establish "injury-in-fact," or "an actual legal stake in the matter being adjudicated." *Hand v. Mfrs. & Traders Trust Co.*, 405 Md. 375, 399 (2008).

As to the mysterious assignment, Plaintiff has no answer to the arguments contained in Defendants' motion other than to insist (without support) that he has a "valid, legal, written assignment of legal claims [chose of action] from Ms. Doe, executed, which said assignment will be introduced in court when she testifies." P. Br. 7. This is not nearly enough to cure his pleading deficiencies. First, under Maryland law, Plaintiff must plead more than that an assignment agreement exists. D. Br. 7. Indeed, in the cases cited by Plaintiff in support of his assignment argument, the court looks to the language of the actual agreement to determine the intentions of the parties in transferring rights and whether those intentions manifest a valid assignment. *See, e.g.*, *Hernandez v. Suburban Hosp. Ass'n, Inc.*, 319 Md. 226, 232 (1990) ("In determining whether the document constituted a valid assignment and, if so, what it assigned, we must first 'determine the intentions of the parties from the language of the contract itself … .'"); *State, Cent. Collection Unit v. Columbia Med. Plan,* 300 Md. 318, 326 (1984) ("We now consider whether the language which appears on the University of Maryland Hospital registration form, beneath which appellee's insured affixed her signature, constitutes a valid assignment of her insurance benefits under appellee's insurance plan."); *James v. Goldberg*, 256 Md. 520, 527 (1970) (noting that "it is clear from the language of the agreement that the assignee considered himself bound to the lessor").

Plaintiff, however, makes no effort to apply his own cases to the purported assignment between him and the so-called Jane Doe or show that the language in the written assignment he purportedly executed makes clear that all legal title to the unspecified claims of the supposed assignor was transferred via an assignment agreement.[1] In sum, Plaintiff's opposition does not

[1] Standing is a threshold issue that must be decided at this initial stage. *See Norman v. Borison*, 192 Md. App. 405, 420, 994 A.2d 1019, 1027 (Md. Ct. Spec. App. 2010) ("Standing is a threshold issue; a party may proceed only if he demonstrates that he has a real and justiciable interest that is capable of being resolved through litigation."). Plaintiff cannot cure his abject failure to plead a proper assignment by conclusory reference to a purported

cure his lack of standing, and it remains that he cannot bring this action based on a purported assignment to him of unspecified claims on behalf of an unidentified "Jane Doe."

## II. Plaintiff's Allegations Fail to State a Claim as a Matter of Law

In their opening brief, Defendants demonstrated that, taking any factual allegations in the Complaint as true for the purposes of the Motion to Dismiss, Plaintiff failed to state a claim for which relief should be granted, and therefore, his cause of action for declaratory judgment should be dismissed. D. Br. 9-15. In particular, Defendants showed that (1) Plaintiff had not pointed to any actual or imminent dispute about legal rights between himself and Mastercard or Citibank, and therefore did not meet the requirements of Maryland's Declaratory Judgment Act (D. Br. 9-12); and (2) Plaintiff failed to plead any of the necessary elements for a claim under the Maryland Consumer Protection Act, which requires a misrepresentation, reliance, and injury (D. Br. 12-14).

In his opposition, Plaintiff does not identify any justiciable legal dispute about rights, suggest that he can adequately state a claim under the Maryland Consumer Protection Act, or otherwise present any legal argument demonstrating that his allegations are sufficient to withstand dismissal. Rather, he cites to 2008 testimony from non-party Visa's former General Counsel, Joshua Floum, to the House Judiciary Committee (P. Br. 9) and a citation to a Washington Post article from 2013 (P. Br. 5), neither of which creates a justiciable controversy. First, this information was not pled in the Complaint, and therefore, is irrelevant. *See Converge Servs. Grp., LLC v. Curran*, 383 Md. 462, 475 (2004) (the Court must limit its analysis "to the

---

assignment that an unidentified person could supposedly identify at some point in the future. *See, e.g., Walton v. Network Sols.*, 221 Md. App. 656, 669, 110 A.3d 756, 764 (Md. Ct. Spec. App. 2015) (affirming dismissal of complaint when court could not draw any factual inference from "bald and conclusory statements" in party's allegations).

four corners of the complaint and its incorporated supporting exhibits, if any" when assessing a motion to dismiss); *see also RRC N.E., LLC v. BAA Md., Inc.*, 413 Md. 638, 643-44 (2010).

Second, none of the information cited by Plaintiff would save his claim. Indeed, Plaintiff cites testimony explaining the steps that occur when a cardholder engages in a transaction at a merchant, emphasizing the fact that the issuing bank receives a fee (*i.e.*, the interchange fee) from the acquiring bank as part of the transaction. This not only fails to bolster the conclusory assertion in the Complaint that cardholders pay interchange fees, but, more importantly, it does not link Plaintiff's allegations to a dispute in which he could argue that his legal rights have been thwarted and thus a case or controversy exists. Plaintiff's citation to a Washington Post article fares no better. He cites the article for the proposition that customers using cash pay higher prices for goods *because they pay the same prices as people paying with credit cards*. This affirmatively *hurts* his argument; it reinforces that there is no difference in the amount that people pay for goods, whether they pay with cards versus other forms of payment.[2]

To reiterate the state of play: Plaintiff has not established that he has standing to bring a declaratory judgment suit against Mastercard or Citibank, since he is not a cardholder and has not sufficiently alleged any assignment. Even if he had alleged such an assignment, he can point to no justiciable controversy regarding the parties' legal rights. The only legal rights he purports

[2] Plaintiff includes as an attachment to his opposition brief an unfiled complaint captioned for a different jurisdiction, under different laws, on behalf of different people. He states that it is "connected" to this declaratory judgment action. Even if it were cognizable for purposes of determining the sufficiency of the complaint—and it is not—it does not help Plaintiff demonstrate an actual or imminent controversy under the Maryland Consumer Protection Act since that unfiled lawsuit does not mention the Maryland Consumer Protection Act (or any Maryland law), and does not purport to be on behalf of Ms. Doe or in his capacity as her assignee. It, instead, is captioned for the United States District Court for the District of Columbia, involves RICO and the District of Columbia Consumer Protection Procedures Act, and purports to be a federal class action on behalf of all credit card holders, for "trillions" of dollars against some 125 disparate defendants, including, by way of example, Visa, Mastercard, General Motors, and the national bank of New Zealand. This new unfiled document cannot save the instant action from dismissal. If anything, the new purported "connected" action further supports dismissal of the present declaratory judgment case as declaratory judgments should not be used for forum shopping purposes, *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998), and "should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.'" *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998), quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).

are at issue are those afforded by the Maryland Consumer Protection Act, which requires a misrepresentation, reliance, and an injury. He can point to no misrepresentation or reliance, because the fact that issuing banks receive interchange fees is public and has been for years. He can point to no injury because a cardholder receives the same goods and services for the exact same amount when paying with a credit card as when paying with cash or check.[3]

[3] In his opposition, Plaintiff takes issue with a statement whereby Defendants informed the Court that the Plaintiff has a history of filing baseless lawsuits, including under the pseudonym that Plaintiff uses in this case, and cited cases in support thereof. His arguments lack merit, and are addressed in Defendants' Opposition to Plaintiff's Motion for Sanctions.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice and that the Court grant such other and further relief as appropriate.

Respectfully submitted:

Craig A. Benson
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7343
Fax: (202) 204-7343
cbenson@paulweiss.com

*Counsel for Mastercard*

Colleen M. Lauerman
Sidley Austin LLP
1501 K Street, N.W. #600
Washington, DC 20005
Tel: (202) 736-8365
clauerman@sidley.com

Benjamin R. Nagin (*pro hac pending*)
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5911
bnagin@sidley.com

*Counsel for Citibank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February 2018, true copies of Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Dismiss was mailed by first class mail to:

PRESCOTT LOVERN, SR.
15 E. Churchville Rd., STE 150
Bel Air, MD 21014

Craig A. Benson
Paul, Weiss, Rifkind,
Wharton &
Garrison, LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7343
Fax: (202) 204-7343
cbenson@paulweiss.com

FILED
2018 FEB 12 P 1:49
CLERK OF CIRCUIT COURT
HARFORD COUNTY, MD
CIVIL DEPT.