IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

**PRESCOTT LOVERN, SR.**
15 E. Churchville Rd., STE 150
Bel Air, MD 21014
(941)-870-8072

      **PLAINTIFF,**

v.

                        **Case No. 1:18-cv-00471-GLR**

**CITIBANK, N.A.**
701 East 60th St. N.
Sioux Falls, SD 57104
(605)-331-2626,

                      **PLAINTIFFS' MEMORANDUM OF
                      LAW IN SUPPORT OF MOTION TO REMAND**

**MASTERCARD INCORPORATED**
2000 Purchase Street
Purchase, NY 10577
(914)-249-2000

      **DEFENDANTS.**

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Defendants removal of this case is improper because it does not meet the requirements of 28 U.S. Code § 1332(a). Regardless of which court this case is heard in the amount of damages that will be awarded Plaintiff is zero ($0.00), should he win. As Master of his state Declaratory Judgment (Dec Action) pleading Plaintiff requested no damages.

Both Defendants not only do business in Maryland, they do business in Harford County, MD. Maryland jurisdiction extends over a party, if the party transacts any business or performs

any character of work or service in Maryland; contracts to supply goods, food, services, or manufactured products in Maryland; caused tortious injury in Maryland by an act or omission in Maryland; regularly does or solicits business; engages in any other persistent course of conduct in Maryland or derives substantial revenue from goods, food, services, or manufactured products used or consumed in Maryland, has an interest in, uses, or possesses real property in Maryland; or contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within Maryland. Courts and Judicial Proceedings Article, Maryland Annotated Code, § 6-103(b). Under any of the above circumstances, it can be concluded that the party availed itself the privilege of conducting activities in Maryland and had sufficient contact with Maryland to evoke jurisdiction.

Removal statutes must be construed narrowly in favor of remand.[1] As the Supreme Court explained in *Shamrock Oil & Gas Corp. v. Sheets*:[2]

> Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. . . . "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."[3]

---

1. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

2. 313 U.S. 100 (1941).

3. Id. at 108-09 (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

Doubts concerning whether removal of an action is permissible should be resolved against removal. *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir.1994). The Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D.Fla.1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." *Id.*

The Fourth Circuit has emphasized that "the burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [a district court] must strictly construe removal jurisdiction." *Shamrock supra.* "If federal jurisdiction is doubtful, a remand is necessary." *In re Business Men's Assur. Co. of America*, 992 F. 2nd 181, 183 (8th Cir.1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C.1990). "Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction." *Marshall v. Manville Sales, Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. [A federal court, therefore] look[s] to federal law to determine whether the elements of removal jurisdiction have been established under the statutes. . . ." *Link Telecommunications, Inc. v. Sapperstein, et al.*, 119 F.Supp.2d 536, 540 (D. Md. 2000).

Statutes conferring diversity and removal jurisdiction should be strictly construed. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Removal statutes are strictly construed because: 1) the exercise of removal is in derogation of state sovereignty; 2) jurisdictional allegations for removal are extremely simple for any lawyer to

draft; 3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and 4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. *Hill v. Gen. Motors Corp.*, 654 F.Supp. 61 (S.D.Fla. 1987).

Defendants' amount in controversy argument relies on the unfiled draft complaint Exhibit [other paper – "A defect in removal procedure renders a case improperly removed." *Huffman v. Saul Holdings Ltd Partnership*, 194 F.3d 1072, 1076 (10th Cir. 1999)] filed by Plaintiff in his Opposition to Defendants' Motion to Dismiss. Many courts have ruled that an unfiled draft complaint does not constitute an "initial pleading." See, *e.g., J.G. Wentworth S.S.C., L.P. v. Sherman*, 2004 WL 2577591, at *3 (E.D. Pa. Oct. 19, 2004); *Steff Town of Salisbury*, 1999 WL 761134, at *2 (E.D. Pa. Sept. 21, 1999); *Campbell v. Associated Press*, 223 F. Supp. 151, 153 (E.D. Pa. 1963); see also *Harris v. Med-Tox Labs., Inc.*, 1997 WL 86458, at * 2 (N.D. Tex. Feb. 26, 1997) (courtesy copy of unfiled petition is not an "initial pleading").

Plaintiff's Exhibit [draft] has not been filed. A draft complaint is just that – a draft. The 4th Circuit and the U.S. Supreme Court would rule that it is not a "pleading." Plaintiff is free to alter the document or to refrain from filing it altogether. Moreover, the draft complaint is not a "pleading" at all. "Pleadings" are commonly understood to be documents filed in court. See *Leverton v. AlliedSignal, Inc.*, 991 F. Supp. 481, 484-85 (E.D. Va. 1997) ("Although a pleading may be defined differently in the federal and state judicial systems, a common thread in both judicial schemes is that for a document to be regarded as a pleading it must, at the very least, be filed with a court."); *Mgmt. Network Group, Inc. v. ITC Group, Inc.*, 1995 WL 351393, at * 1 (D. Kan. May 23, 1995) (unsigned, unfiled draft petition does not constitute "initial pleading" because "a document, to be considered a pleading, must have been filed with a court"). Plaintiff's draft complaint cannot be a "pleading" – initial or otherwise – under § 1446(b). *Leverton Id.*, 991 F. Supp. 481, 484-85 (E.D. Va. 1997) (recognizing an unfiled courtesy copy of

4

a pleading "is not an 'initial pleading' as defined by Section 1446(b)" and does not put a defendant on notice of removal; and, observing an unfiled complaint does not satisfy the "initial pleading" requirement because "there is nothing to be removed if nothing has been filed" in court). Moreover, common sense dictates a similar result. For example, until a complaint is filed it may be amended. And, if settlement discussions come to fruition, it may never be filed. *Cf. Arnold,* 747 F. Supp. at 343-44.

Defendants have been acting in concert since service of the state lawsuit. That is also proven by their removal to federal court [in concert]. It is further proven by the email below [Jan. 26, 2018] from defense attorney Benjamin Nagin to Plaintiff requesting settlement that includes "partners, etc." Mastercard Inc. is a partner of Citibank N.A.

Plaintiff's Dec Action requests no damages, which is Plaintiff's right. The rejected settlement offer sent to Defendants by Plaintiff [not sent under Rule 408] for the State Dec Action in March 2018, evidenced by emails below, clearly shows that the amount in controversy in the Dec Action does not create federal jurisdiction.

Emails

Subject: RE: Citibank
From: "Lauerman, Colleen M." <clauerman@sidley.com>
Date: Fri, January 26, 2018 12:07 pm
To: "prescottl@rlassociateslaw.com" <prescottl@rlassociateslaw.com>
Cc: "Nagin, Benjamin" <bnagin@sidley.com>

Mr. Lovern,

I have copied my partner, Ben Nagin. We would welcome your detailed confidential offer to settle this case. We look forward to hearing from you.

**COLLEEN M. LAUERMAN**
**SIDLEY AUSTIN LLP**
+1 202 736 8365
clauerman@sidley.com

Subject: RE: Citibank
From: <prescottl@rlassociateslaw.com>
Date: Fri, January 26, 2018 12:09 pm
To: "Lauerman, Colleen M." <clauerman@sidley.com>

Ms. Lauerman:

I need to know who I am releasing.

---

From: "Nagin, Benjamin" <bnagin@sidley.com>  (Add as Preferred Sender)
Date:  Fri, Jan 26, 2018 3:33 pm
To:    "prescottl@rlassociateslaw.com" <prescottl@rlassociateslaw.com>
Cc:    "Lauerman, Colleen M." <clauerman@sidley.com>

Settlement Communications

Any release would be for Citi and affiliates and Sidley and affiliates and their employees, partners, etc.

What is your offer, Mr. Lovern?

---

Defendants' last request for a settlement figure was January 26, 2018. Plaintiff did not respond. Plaintiff's settlement offer was not sent until March 1, 2018, <u>not under Rule 408</u>.

Subject: Remand
**From: <prescottl@rlassociateslaw.com>**
Date:  Thu, Mar 01, 2018 7:14 am
**To:    clauerman@sidley.com, bnagin@sidley.com**

Good morning Lawyers:

Before I file my Remand Motion Monday, telling the Court you rejected my settlement offer of $25,000 [Citibank] for the State Dec Action, [no admission, confidential] you can accept it today, execute and wire transfer tomorrow, or, we can go back to state court.

I'm available all day.

6

Subject: Remand
**From: <prescottl@rlassociateslaw.com>**
Date:   Thu, Mar 01, 2018 7:16 am
**To:**   cbenson@paulweiss.com

Good morning:

Before I file my Remand Motion Monday, telling the Court you rejected my settlement offer of $25,000 [Mastercard] for the State Dec Action, [no admission, confidential] you can accept it today, execute and wire transfer tomorrow, or, we can go back to state court.

I'm available all day.

---

Settlement discussions can be used to prove the amount in controversy. 4 Rule 408 explicitly carves out exceptions where the evidence is offered "for purposes not prohibited by subdivision (a)," but the exclusionary portion of the rule also runs "counter to the overarching policy favoring the admission of all relevant evidence." 5 Only defense counsel will claim Rule 408 as to settlement discussions.

Plaintiff's settlement offer was reasonable. It was rejected. If Defense counsel claims their attorney's fees exceed $25,000 they are overcharging their client[s].

It is Plaintiff's position that the real reason Defendants removed this action to federal court is because Defense counsel is facing Plaintiff's Motion for Sanctions. Defense counsel thinks they have a better chance in federal court on that Motion.

---

4. *Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 n. 3 (9th Cir. 2002).

5. *Lyondell* 608 F.3d 284, 299 (5th Cir. 2010).

7

Defendants' *Other Paper* theory does not work because the Exhibit is not a Pleading and the removal was not filed timely. In addition, whichever Court hears the Dec Action, if Plaintiff wins he will not receive damages, nor does settlement rise to the level of $75,000; therefore, federal jurisdiction does not attach.

Date: March 13, 2018

Respectfully submitted

*[signature]*
Prescott Lovern, Sr., *pro se*
15 E. Churchville Rd., STE 150
Bel Air, MD 21014
(941)-870-8072
corporate@rlassociateslaw.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that true and correct copies of Plaintiff's Motion to Remand and Supporting Memorandum of Law was sent to the following defense counsel via email & first class mail on March 12, 2018:

Alex Young K. Oh
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K St., MW
Washington, D.C. 20006
(202)-223-7334
aoh@paulweiss.com

8

Craig A. Benson
Paul, Weiss, Rifkind, Wharton &
Garrison, LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7343
cbenson@paulweiss.com

Sayem Osman
Paul, Weiss, Rifkind, Wharton &
Garrison, LLP
2001 K Street, NW
Washington, DC 20006
(202)-223-7331
sosman@paulweiss.com

**Counsel for Mastercard**

Colleen M. Lauemiar
Sidley Austin LLP
1501 K Street, N.W. #600
Washington, DC 20005
Tel: (202) 736-8365
clauennan@sidley.com

Benjamin R. Nagin
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5911
bnagin@sidley.com

**Counsel for Citibank, N.A.**

Prescott Lovern, Sr., *pro se*
15 E. Churchville Rd., STE 150
Bel Air, MD 21014
(941)-870-8072
corporate@rlassociateslaw.com