# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PRESCOTT LOVERN, SR.**<br>15 E. Churchville Rd., STE 150<br>Bel Air, MD 21014<br>(941)-870-8072<br><br>                    PLAINTIFF,<br><br>v.<br><br>**CITIBANK, N.A.**<br>701 East 60th St N.<br>Sioux Falls, SD 57104<br>(605)-331-2626<br><br>**MASTERCARD INCORPORATED**<br>2000 Purchase Street<br>Purchase, NY 10577<br>(914)-249-2000<br><br>                    DEFENDANTS. | Case No. 1:18-cv-00471-GLR |

## **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Citibank, N.A. ("Citibank") and Mastercard Incorporated ("Mastercard") hereby file this Opposition to Plaintiff's Motion to Remand ("Motion" or "Mot."). On February 15, 2018, Defendant Mastercard properly removed this action to federal court pursuant to 28 U.S.C. § 1441 in accordance with 28 U.S.C. § 1332 ("Notice of Removal"). On February 22, 2018, Defendant Citibank joined in the removal. On March 13, 2018, Plaintiff filed the Motion. Plaintiff's Motion lacks merit and should be denied.

In his Motion, Plaintiff does not dispute that there is complete diversity between the parties; instead, Plaintiff contends that the amount in controversy is less than $75,000

because (i) the "unfiled draft complaint" attached as Exhibit A to his opposition to Defendants' Motion to Dismiss (the "Draft Complaint") is not an "initial pleading" under 28 U.S.C. § 1446(b)(1), and (ii) he made a settlement demand of $25,000 after Defendants removed the case to federal court.  Both arguments fail.  First, Defendants never asserted that the Draft Complaint is an "initial pleading" under 28 U.S.C. § 1446(b)(1), and thus Plaintiff's argument is beside the point.  Rather, Defendants have shown that the Draft Complaint was an "other paper" under 28 U.S.C. § 1446(b)(3), which establishes the amount-in-controversy requirement where the "initial pleading" did not provide sufficient information to support the amount-in-controversy requirement for removal based upon diversity jurisdiction.  Second, courts routinely hold that settlement demands made only after removal do not provide a reliable benchmark for an amount in controversy, particularly where (as here) they appear designed to frustrate the exercise of federal jurisdiction.

### I. THE REMOVAL IS BASED ON AN "OTHER PAPER," NOT AN INITIAL PLEADING, AND THUS PLAINTIFF'S ARGUMENTS ABOUT AN "INITIAL PLEADING" DO NOT SUPPORT REMAND.

Defendants properly removed this case under 28 U.S.C. § 1446(b)(3) based on the amount in controversy that Plaintiff first revealed in the Draft Complaint, which Plaintiff relied upon and attached to his opposition to Defendants' motion to dismiss.  Because this "other paper" first provided information to Defendants that the amount in controversy associated with the matter exceeded $75,000, it met the requirements under 28 U.S.C. § 1446(b)(3), as "other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.*

Plaintiff does not dispute—and it cannot reasonably be disputed—that the Draft Complaint meets the requirements of "other paper."  The Fourth Circuit has determined

that § 1446(b)(3)'s "motion, order or other paper" clause "is broad enough to include any information received by the defendant." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (ruling that memorandum filed by plaintiff in federal court qualified as "other paper" under Section 1446(b)); *see also* Notice of Removal at 5–6.  Nor does Plaintiff dispute—because he cannot—that the Draft Complaint is "connected to" his declaratory judgment action or that the Draft Complaint expressly states that the amount in controversy "exceeds the sum of $75,000."  Notice of Removal at 6.

Instead, Plaintiff argues only that the Draft Complaint is not an "initial pleading" under 28 U.S.C. § 1446(b)(1), and cites several cases supporting that proposition.[1] Plaintiff's argument is irrelevant.  Defendants do not contend that the Draft Complaint is an "initial pleading."  Mot. at 4.  Rather, as just set forth above, Defendants have shown that the initial pleading (the state court complaint) did not provide sufficient information as to the amount in controversy to support removal, and that the subsequent Draft Complaint attached to Plaintiff's opposition to the Motion to Dismiss constituted an "other paper from which it may be first ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).  Plaintiff does not dispute that the initial pleading (the state court complaint) contained no information from which Defendants could discern an amount in controversy, or that § 1446(b)(3) was properly invoked.

Accordingly, the Draft Complaint that Plaintiff filed in state court as part of his Opposition to the Motion to Dismiss is an "other paper" from which Defendants first

---

[1] The language Plaintiff cites from those cases bears on a different question—when a case is considered to have started and a controversy ripened, such that the 30-day clock for removal is triggered.  28 U.S.C. § 1446(b)(1) (setting forth a timing provision for removal).

Case 1:18-cv-00471-GLR   Document 25   Filed 03/29/18   Page 4 of 9

4

"'first ascertained that the case is one which is or has become removable.'" *Yarnevic*, 102 F.3d at 755 (quoting 28 U.S.C. § 1446(b)). That Draft Complaint made Defendants' removal timely, as well as proper based on the amount in controversy the Draft Complaint divulged.

## II. PLAINTIFF'S POST-REMOVAL SETTLEMENT DEMAND IS NOT RELEVANT BECAUSE IT WAS DESIGNED TO FRUSTRATE FEDERAL JURISDICTION.

Plaintiff's remaining argument is that "[t]he rejected settlement offer sent to Defendants by Plaintiff [not sent under Rule 408] for the State Dec Action in March 2018, evidenced by emails below, clearly shows that the amount in controversy in the Dec Action does not create federal jurisdiction." Mot. at 5. That argument is meritless. First, the purported settlement offer does not change that Plaintiff himself pled an amount in controversy over $75,000 in the Draft Complaint, which is "other paper," and the proper basis for removal.

Second, Plaintiff only made the settlement demand *after* Defendants removed the case. The settlement demand clearly was designed specifically to defeat removal, and therefore, is not a proper basis for determining the amount in controversy. Indeed, "[i]t is well settled that once the district court's diversity jurisdiction attaches at the time of removal, a plaintiff may not subsequently divest the federal court of jurisdiction and force remand by reducing the amount in controversy." *Mackin v. Variety Wholesalers, Inc.*, No. ELH-13-03849, 2014 WL 1320027, at *3 (D. Md. Mar. 31, 2014) (quoting *Sell v. Hertz Corp.*, 2009 WL 2998923, at *1 (D. Utah 2009)). *See also, e.g.*, *Sturkie v. Lovvorn*, No. 1:16-CV-01375-JEO, 2016 WL 10043466, at *2 (N.D. Ala. Nov. 14, 2016); *Ray v. GPR Hosp. LLC*, No. 1:14-CV-1309-CC, 2015 WL 4717400, at *5 (N.D. Ga. Aug. 7, 2015); *Lang* v. *Mfrs. & Traders Tr. Co.*, 274 F.R.D. 175, 181 (D. Md. 2011);

*Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1334–35 (M.D. Ala. 2008); *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 323–24 (D. Minn. 2008).

Thus, "[po]st-removal settlement demands, which attempt to reduce the amount in controversy below the federal jurisdictional minimum, are not considered relevant." *Burkette v. Allstate Ins. Co.*, No. CV 08-386-D-M2, 2008 WL 11351510, at *4 (M.D. La. Aug. 26, 2008), report and recommendation adopted, No. CV 08-386-JJB-CN, 2008 WL 11351517 (M.D. La. Sept. 16, 2008). As the Sixth Circuit explained in rejecting the argument that a settlement demand below the amount in controversy defeats diversity, "'[t]he fact that Plaintiff attempted to settle the claim for less than the amount in controversy is not probative of the true amount because litigants often settle claims for less than the amount in controversy.'" *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (quoting *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 854 (E.D. Ky. 2006); *id.* at 482–83 (affirming denial of motion to remand). Courts within this Circuit and elsewhere hold likewise. *See*, *e.g.*, *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (denying motion to remand and rejecting plaintiff's attempt to rely on settlement demand below the amount of controversy to defeat jurisdiction); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 203 (D. Conn. 2004) ("Since a settlement offer is not an accurate measure of the litigation value of a claim—and is often considerably lower the Court cannot, as Plaintiffs urge, construe their Offer for Judgment as establishing the ceiling for the actual value of their claims.").

Here, Plaintiff's purported settlement offer is irrelevant and he cannot contend otherwise. He cited, in his motion for remand, only a portion of the email chain he

initiated with counsel for Mastercard on March 1, 2018.  In the email he cited, Plaintiff seems to imply that counsel for Mastercard had "rejected [his] settlement offer of $25,000 [Mastercard] for the State Dec Action." (Exhibit A.)  But Plaintiff has omitted from the email chain the emails that followed, which made clear that Plaintiff had never before made such a demand.  Counsel for Mastercard responded to the initiating email that Plaintiff quoted, saying:

> I have reviewed all of my correspondence from you.  I did not see any $25,000 settlement demand from you, before your email this morning.  Are you representing that you made such a demand before?

(Exhibit A.)  Plaintiff did not respond substantively.  Counsel for Mastercard thus asked again:

> I would be grateful if you could answer my question.  Are you representing that you made such a settlement offer before this morning?

*Id.*  Again, Plaintiff did not respond.  Counsel for Mastercard thus asked a third time:

> Please explain if you believe that you ever made a settlement demand of $25,000 (or any other amount) before 7:16 am this morning and, if so, when, and please provide evidence of it.

*Id.*  Plaintiff once again did not respond to the question, and instead indicated that Mastercard had "until 2 P.M. today, EST, to decide whether you want to dismiss the removal voluntarily tomorrow, or, I will embarrass you in federal court.  Your decision." *Id.*  Therefore, these so-called settlement demands that Plaintiff cites provide no credible basis for valuing the amount in controversy.

The cases Plaintiff cites do not help him.  The court in *Cohn v. Petsmart Inc.*, 281 F.3d 837 (9th Cir. 2002), recognized how speculative settlement demands can be, and found the specific settlement demand at issue to be reliable for purposes of corroborating the amount in controversy only because plaintiff (1) made his settlement demand *before*

the case was removed; (2) made a settlement demand that made the case removable (not the other way around); (3) had been consistent throughout the litigation process that that "the [trade]mark [at issue] is worth more than $100,000"; (4) did not argue that the $100,000 demand was inflated or not an honest assessment of damages, even after the removal; and (5) made no attempt to disavow his letter or offer contrary evidence, even after removal. *Id.* at 840. There is nothing even remotely comparable to that here.[2]

Indeed, Mr. Lovern's "settlement demands" bear all of the indicia of an unreliable demand made purely for strategic purposes to defeat jurisdiction. *See*, *e.g.*, *Burkette*, 2008 WL 11351510, at *4 (refusing to consider post-removal settlement demands when such demands "[did] not appear to reflect an honest assessment of the value of [Plaintiff's] claims" and instead "look[ed] to be an effort on plaintiff's part to reduce the amount in controversy post-removal in support of its motion to remand"). Plaintiff's demands were made only after Defendants' removal papers were filed, they were made for an amount below the federally required amount in controversy, Mr. Lovern had specifically stated that he would use settlement demands to defeat removal, they were made out-of-the-blue, and they are completely inconsistent with the representations that Mr. Lovern has made in his unfiled complaint about the amount in controversy.

---

[2] *Lyondell v. Chem. Co.* v. *Occidental Chem. Corp.*, 608 F.3d 284, 299 (5th Cir. 2010), is entirely inapposite: it had nothing to do with the question of when a settlement demand can be relevant to assessing the amount in controversy for purposes of removal; the case did not involve a removal or a dispute about the amount in controversy at all.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that Plaintiff's Motion to Remand be denied.

Dated: March 29, 2018

Respectfully submitted:

_____/s/_____
Craig A. Benson
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7343
Fax: (202) 204-7343
cbenson@paulweiss.com

*Counsel for Mastercard*

_____/s/_____
Paul J. Zidlicky
Colleen Lauerman (application for admission pending)
Sidley Austin LLP
1501 K Street, NW #600
Washington, DC 20005
Tel: (202) 736-8000
pzidlicky@sidley.com
clauerman@sidley.com

_____/s/_____
Benjamin R. Nagin (admitted *pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
bnagin@sidley.com

*Counsel for Citibank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of March 2018, I caused true and correct copies of the Defendants' Opposition to Plaintiff's Motion to Remand, the Declaration of Craig A. Benson in support of Defendants' Opposition to Plaintiff's Motion to Remand, and Exhibit A to be served on Plaintiff by overnight mail, as set forth below:

Prescott Lovern, Sr.
15 E. Churchville Road, Suite 150
Bel Air, MD 21014
Phone: (941) 870-8072
Fax: (941) 803-0676
prescottl@rlassociateslaw.com
*Plaintiff*

_____/s/_____
Craig A. Benson
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7343
Fax: (202) 204-7343
cbenson@paulweiss.com
*Counsel for Mastercard*