UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 21, 2018

MEMORANDUM TO PARTIES RE:   Prescott Lovern, Sr. v. Citibank N.A., et al.
Civil Action No. GLR-18-471

Dear Parties:

Pending before the Court is Defendants Mastercard Incorporated ("Mastercard") and Citibank N.A.'s Motion to Dismiss (ECF No. 4). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motion.[1]

Plaintiff Prescott Lovern, Sr. alleges that he is a Harford County, Maryland resident and "part of the M Cardholder group" because "he has taken an assignment of legal claims from Jane Doe (Doe) pursuant to Sprint Communications Co. LP v. APCC Services Inc., 554 U.S. 269[ ] (2008)." (Compl. ¶ 4, ECF No. 2).[2] Lovern's allegations principally concern fees associated with the transactions credit cardholders make with their cards, which Lovern calls "interchange fees." (Id. ¶ 1). He asserts that Mastercard credit cardholders pay interchange fees and that "every Master[c]ard credit card hides the [interchange fees] from the cardholder so they do not know they pay" the fees. (Id. ¶¶ 1, 10).

On September 25, 2017, Lovern filed a one-count Complaint in the Circuit Court for Harford County, Maryland. (ECF No. 2). In his Complaint, Lovern seeks a declaratory

---

[1] Also pending before the Court is Plaintiff Prescott Lovern, Sr.'s Motion for Sanctions (ECF No. 7) and Motion to Remand (ECF No. 23). The Court will deny both Motions. In his Motion for Sanctions, Lovern argues that the Court should sanction Defendants for asserting that Prescott is not his legal name and for referencing past lawsuits Lovern brought. The Court concludes that this is not sufficiently sanctionable conduct under Maryland Rule 1-341. Lovern fails to demonstrate that the conduct he highlights was "in bad faith or without substantial justification." See Md. Rule 1-341(a). Further, "Rule 1-341 should be used sparingly" because of the "extraordinary remedy" of attorney's fees that it may provide. Toliver v. Waicker, 62 A.3d 200, 211 (Md.Ct.Spec.App. 2013) (quoting RTKL Assoc., Inc. v. Balt. Cty., 810 A.2d 512, 518 (Md.Ct.Spec.App. 2002)).

As to Lovern's Motion to Remand, because the Court will grant Defendants' Motion to Dismiss, the Court will deny as moot Lovern's Motion to Remand.

[2] Unless otherwise noted, the Court takes the following facts from Lovern's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

judgment that Mastercard credit cardholders pay the interchange fee. (Compl. ¶¶ 18–21). On February 15, 2018, Defendants removed the case to this Court. (ECF No. 1).

Defendants now move to dismiss the Complaint. (ECF No. 4). Lovern filed an Opposition, (ECF No. 8), and Defendants filed a Reply, (ECF No. 10).

Defendants challenge, inter alia, Lovern's standing to bring his claim. "A challenge to a plaintiff's standing 'implicates the court's subject matter jurisdiction.'" Carrero v. Farrelly, 310 F.Supp.3d 542, 545 (D.Md. 2018) (alteration omitted) (quoting Long Term Care Partners, LLC v. United States, 516 F.3d 225, 230 (4th Cir. 2008)). A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).[3] When a defendant raises a facial challenge, the Court affords the plaintiff the "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Because Defendants raise a facial challenge to Lovern's standing, this Court will evaluate their motion to dismiss on subject matter jurisdiction grounds under a Rule 12(b)(6) standard.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth

---

[3] Though the parties addressed the merits of Defendants' standing arguments under Maryland procedural law—before Defendants removed the case from the Circuit Court for Harford County to this Court—this Court applies federal procedural law. See Fed.R.Civ.P. 81(c)(1) (providing that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court").

v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Lovern brings his claim as a litigant proceeding pro se. Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec.4, 2012) (citation omitted). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for the City of Balt., 901 F.2d 387, 391 (4th Cir.1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Here, Defendants argue that Lovern lacks standing to bring his claim. At bottom, the Court agrees and will dismiss the Complaint.

Article III of the United States Constitution limits the judicial authority of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; Trump v. Hawaii, 138 S.Ct. 2392, 2416 (2018). Thus, the threshold question in every federal case is whether the court has authority under Article III to entertain the suit. ASARCO Inc. v. Kadish, 490 U.S. 605, 612 (1989) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Courts apply the standing doctrine to resolve this question. Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009) (citing Whitmore v. Arkansas, 495 U.S. 149, 154–55 (1990)).

Generally, the party invoking federal jurisdiction bears the burden of establishing standing. Id. at 424 (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), then citing Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006)). Here, however, Lovern does not invoke federal jurisdiction because he filed a Motion to Remand the case to state court. Nonetheless, the Court will assess whether Lovern has standing to bring his claim because the Court has responsibility to assure itself of subject matter jurisdiction. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction . . . must[ ] be raised sua sponte by the court").

In federal diversity cases such as this one, for a plaintiff to have standing, he "must satisfy both state and federal standing requirements." Beyond Sys., Inc. v. Kraft Foods, Inc., 972 F.Supp.2d 748, 761 (D.Md. 2013), aff'd, 777 F.3d 712 (4th Cir. 2015). Because, as the Court will describe below, Lovern fails to satisfy federal standing requirements, it need not address whether he meets Maryland standing requirements.

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [a court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." Bishop, 575 F.3d at 424 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). The Court must dismiss an action when the party invoking federal jurisdiction does not include the necessary allegations in the pleading. Id. (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

The standing doctrine comprises constitutional and prudential components. Id. at 423 (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). To satisfy the constitutional component, a party must have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and is likely to be redressed by a favorable judicial decision. Robins, 136 S.Ct. at 1547 (citing Lujan, 504 U.S. at 560–61). Of import here, to establish injury in fact, a plaintiff must show that he or she suffered "'the invasion of a legally protected interest' that is 'concrete and particularized,'" Gill v. Whitford, 138 S.Ct. 1916, 1929 (2018) (quoting Lujan, 504 U.S. at 560), and "actual or imminent, not conjectural or hypothetical." Id. at 1932 (internal quotation marks omitted) (quoting Lujan, 504 U.S. at 560 and n.1).

Here, Lovern's only allegation that supports his standing to sue Defendants is his statement that he is "part of the M Cardholder group" because "he has taken an assignment of legal claims from Jane Doe (Doe) pursuant to Sprint Communications Co. LP v. APCC Services Inc., 554 U.S. 269[ ] (2008)." (Compl. ¶ 4). This sole allegation, even construed liberally, is insufficient to establish Lovern's standing. Granted, at this stage of the case, "general factual allegations of injury" from Defendants' conduct "may suffice." See Bishop, 575 F.3d at 423 (quoting Lujan, 504 U.S. at 561). But Lovern does not state any other facts about this purported assignment. Because Lovern does not plead any facts about the Jane Doe's legal rights, who Jane Doe is, or any terms of the assignment, there are no facts describing the nature of his "legally protected interest." See Gill, 138 S.Ct. at 1929 (quoting Lujan, 504 U.S. at 560).[4] Instead, in conclusory fashion, he only asserts such an interest exists because of an assignment. Thus, Lovern fails to establish that he has suffered the "invasion of a legally protected interest" required for him to have standing to bring his claim. See id. (quoting Lujan, 504 U.S. at 560).

Because Lovern lacks standing under Article III to bring his claim, the Court concludes that it does not have subject matter jurisdiction over his suit. Accordingly, the Court will grant Defendants' Motion.

---

[4] In his Opposition, Lovern asserts additional facts about Jane Doe's legal rights. Because Lovern does not allege these facts in his Complaint, however, the Court may not consider them when evaluating whether he has standing to bring suit. See Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (observing that a plaintiff is "bound by the allegations contained in [his] complaint and cannot, through the use of motion briefs, amend the complaint"), aff'd, 141 F.3d 1162 (4th Cir. 1998). Similarly, he states in his Opposition that the alleged assignment "will be introduced in court when [Jane Doe] testifies." (Pl.'s Opp'n at 7, ECF No. 8). But as the Court explained above, because Defendants raise a facial challenge to Lovern's standing, the Court evaluates their Motion by examining only Lovern's Complaint under a Rule 12(b)(6) standard.

For the foregoing reasons, Mastercard and Citibank N.A.'s Motion to Dismiss (ECF No. 4) is GRANTED. Lovern's Motion for Sanctions (ECF No. 7) is DENIED and his Motion to Remand (ECF No. 23) is DENIED AS MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE the case, and mail a copy to Lovern at his address of record.

    Very truly yours,

    /s/

_____

George L. Russell, III
United States District Judge