UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PRESCOTT LOVERN, SR.**

        Plaintiff,

v.

        Case No. **1:18-cv-00471-GLR**

**CITIBANK N.A. et al**

        Defendants.

## PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 60(b)(1)(6) & (c)(1)

1.  Plaintiff respectfully moves this Court to vacate its Order entered on 08/22/2018 pursuant to Rule 60(b)(1)(6) & (c)(1), Federal Rules of Civil Procedure, whereby the Court dismissed Plaintiff's case. Plaintiff did everything possible to convince Defendants to do the right thing and voluntarily deal with their violations of, but not limited to, Title 15 U.S.C. § 1637 (c)(4)(A)(ii); 12 CFR 226.6(b)(2)(F)(iv); and, 15 U.S. Code § 1637(a)(5), but they refuse, therefore this motion could not be avoided. This Motion is filed timely.

2.  His Honor obviously made a mistake in his ruling as explained below:

3.  The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice," *Levine v. United States*, 362 U.S. 610, 80 S. Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S. Ct. 11, 13 (1954).

> A judge is an officer of the court, as well as are all attorneys. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. A judge is not the court.

4. Plaintiff does not believe His Honor would intentionally commit "fraud on the court." What is fraud on the court? It is beyond question that a federal court may investigate a question as to whether there was fraud in the procurement of a judgment. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 66 S. Ct. 1176, 90 L. Ed. 1447. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250; *Sprague v. Ticonic National Bank*, 307 U.S. 161, 59 S. Ct. 777, 83 L. Ed. 1184; and *United States v. Throckmorton*, 98 U.S. (8 Otto) 61, 25 L. Ed. 93. Fraud on the court has no statute of imitations.

5. Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court." In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury… It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function--thus where the impartial functions of the court have been directly corrupted."

6. "Where a Rule 60 motion is premised on fraud on the court, proof of 'garden-variety fraud' is insufficient. *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014). Rather, relief under Rule 60(d)(3) is only available where the fraud involves 'an intentional plot to deceive the judiciary [and] … touch[es] on the public interest in a way that fraud between individual parties generally does not.'" *Id. at 136*. UNITED STATES OF AMERICA, Plaintiff – Appellee, v. RANDALL LEE CONRAD, Defendant – Appellant, No. 16-6579, Decided: January 13, 2017 (4th Cir. 2017).

2

7. "We have previously stated that 'fraud upon the court includes . fraud by an officer of the court, including an attorney.'" *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 130 (4th Cir. 2000). (4th Cir. in RANDALL LEE CONRAD quoting *In re Genesys Data Techs., Inc.*). "We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur which we would gladly avoid; but we cannot avoid them." *U.S. v. Will*, 449 U.S. 200, (footnote 19], (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, (1821)). [underline added] "In general, the judiciary has a responsibility to decide cases properly before it, even those 'it would gladly avoid.'" *Zivotofsky ex rel Zivotofsky v. Clinton* ("Zivotofsky I"), 566 U.S. 189, 194–95 (2012) (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821)).

8. His Honor's decision to ignore 28 U.S.C. § 1447(c) certainly had to be a mistake. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," when at the same time admitting his Court does not have subject matter jurisdiction – "Because Lovern lacks standing under Article III to bring his claim the Court concludes that it does not have subject matter jurisdiction over his suit," [His Honor's Opinion Pg. 4] was certainly a mistake, an oversight.

9. In 1988, Congress amended § 1447(c) of Title 28 to require remand of a removed action at any time the district court determines it lacks subject matter jurisdiction. From the 4th Circuit -

> "…the district court concluded that it lacked subject matter jurisdiction and, citing 28 U.S.C. § 1447(c) (2000), determined that it must remand the case. *Nordan*, 382 F.Supp.2d at 813-14." *In re Blackwater Security Consulting, LLC* 460 F.3d 576, 581 (4th Cir. 2006) citing *Nordan*.

10. What makes this mistake necessarily reviewable under Rule 60 is that a proper remand Order would be non-reviewable because of 28 U.S.C. § 1447(c), which would take control out of

3

the hands of the federal government, who actually has been receiving proceeds from the Interchange Fee Conspiracy, via the Amtrak MasterCard.

11. It is not my belief that the timing of His Honor's decision [after 6 months] is anyway connected to current goings on at the Social Security Administration, Federal Reserve Banks and Financial Stability Oversight Council regarding the Interchange Fee (IF) Conspiracy and the 100 million + federal felonies connected to social security numbers, part and parcel to the IF Conspiracy. That does not include the 200 million + federal felonies connected to RICO. Contrary to Federal / 4th Cir. law the Defendants' Motion to Dismiss in this Court was NOT "ripe for disposition."

12. Lovern's declaratory judgement lawsuit raises only a single state law claim making any futility exception moot. See *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 10-11 (D.D.C. 2007). The Randolph court explained that "the 'futility exception' recognized by the Fifth and Ninth Circuits has been expressly rejected by the Third, Fourth, Seventh, and Tenth Circuits; the First and Second Circuits have not adopted a futility exception when given the opportunity to do so; and the Supreme Court, in dicta, has expressed a reluctance to recognize a futility exception." *Id.* at 11.

13. The dicta referenced by Randolph is found in *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72 (1991). There, the Supreme Court examined whether to remand pursuant to *§ 1447(c)* when "a remand of petitioners' claims to Louisiana court would be futile." *Id.* at 87. The Supreme Court examined a First Circuit case, *Maine Association of Interdependent Neighborhoods v. Commissioner of Maine Department of Human Services*, 876 F.2d 1051 (1st Cir. 1989), which found that "none of the[] anticipated

4

barriers to suit in state court was sufficiently certain to render a remand futile." *Int'l Primate*, 500 U.S. at 88. Approving of this outcome, the Supreme Court reasoned that a "plaintiff's lack of Article III standing [*14] [exactly what His Honor stated about Lovern] would not necessarily defeat its standing in state court" because the standing issue "turns on a question of [state] law, and we decline to speculate on the proper result." *Id. at 88-89*. The Court "also [took] note . . . of the literal words of *§ 1447(c)*, which, on their face, give no discretion to dismiss rather than remand an action." *Id. at 89* (internal quotation marks and citation omitted).

14. Defense counsel has committed overt acts in furtherance of the IF Conspiracy by concealing it. "... an intentional plot to deceive the judiciary." (4th Cir. RANDALL LEE CONRAD *supra*).

15. The felonies are being covered-up, that include violations of 18 U.S.C. Secs. 3 & 4, by major defense firms all over the country to include, but not limited to, DLA PIPER, FARELLA BRAUN + MARTEL LLP, ROBINS KAPLIN MILLER & CIRESI, ROBBINS GELLER RUDMAN & DOWD, ARNOLD & PORTER LLP, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, WILLKIE FARR & GALLAGHER, MORRISON & FORRESTER LLP, COVINGTON & BURLING, JONES DAY, SHEARMAN & STERLING LLP, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, SIDLEY & AUSTIN, REED SMITH, KEATING MUETHING & KLEKAMP PLL, KUTAK ROCK LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, ALSTON & BIRD LLP, PATERSON BELKNAP WEBB & TYLER LLP, PAGE SCRANTOM SPROUSE TUCKER & FORD P.C., DAVIS POLK & WARDWELL LLP, CLEARY GOTTLIEB STEEN & HAMILTON LLP, LATHAM & WATKINS, LECLAIRRYAN, MCGUIRE WOODS LLP and DAVIS & GILBERT LLP. This is a real CONSTITUTIONAL CRISIS.

16. The Federal Government (starting with President Obama – Eric Holder - Robert Mueller) / State-Federal Banking Regulators / Federal Reserve Banks – Federal Reserve Board have been covering-up the IF Conspiracy for years, concealing all the felonies [ongoing], reported by Lovern.

17. His Honor's mistake, as to the binding law, is in violation of a federal statute and the established Rule of Law in the 4th Circuit; therefore, Plaintiff respectfully request this court to vacate its Order entered August 22, 2018, and remand this case to Circuit Court, Harford County Maryland.

18. This matter does not need to go to the 4th Circuit.

November 29, 2018

Respectfully submitted,

Prescott Lovern, Sr. *pro se*

*/s/ Prescott Lovern, Sr.*
Prescott Lovern, Sr.
15 E. Churchville St.,
STE 150
Bel Air, MD 21014
(941)-201-1038
prescottlovern@gmail.com

## **CERTIFICATE OF SERVICE**

Plaintiff certifies that true and correct copies of Plaintiff's Rule 60 Motion enclosed was sent to the following defense counsel via email and U.S. Mail on November 28, 2018.

Alex Young K. Oh
Craig A. Benson
Sayem Osman
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K St., NW
Washington, D.C. 20006
(202)-223-7334
aoh@paulweiss.com
cbenson@paulweiss.com
sosman@paulweiss.com

**Counsel for Mastercard**

Colleen M. Lauerman
Paul J. Zidlicky
Benjamin R. Nagin
Sidley Austin LLP
1501 K Street, N.W. #600
Washington, DC 20005
Tel: (202) 736-8365
clauerman@sidley.com
bnagin@sidley.com
pzidlicky@sidley.com

**Counsel for Citibank, N.A.**

Prescott Lovern, Sr.